LEBENBOM v BOARD OF ROAD COMMISSIONERS FOR
OAKLAND COUNTY

HIGHWAYS—PAVING—STATUTES—APPLICATIONS FOR PAVING—CON-
STRUCTION OF STATUTE.

The statute which provides that an application for the paving of
a highway by more than 51% of the owners of certain lands
shall be considered by a county commission if at least 75% of
the lands fronting on such highway have been subdivided into
parcels having a frontage of not more than 300 feet each on
such highway or if there shall be an average of at least one
building located along the portion of the highway proposed to
be paved for every 300 lineal feet "thereof", requires an aver-
age of one building for every 300 feet of highway and not an
average of one building for every 300 feet of frontage of lots
fronting or touching the highway (MCLA 41.271).

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 November 8, 1974, at Lans-
ing. (Docket No. 20835.) Decided January 9, 1975.

Complaint by David Lebenbom against the
Board of Road Commissioners for Oakland County,
William M. Richards, Frazer W. Staman, Fred L.
Harris, John Doe, and Richard Roe to enjoin de-
fendants from paving a highway. Judgment for
defendants. Plaintiff appeals. Affirmed.

*Lebenbom, Morganroth & Stern,* for plaintiff.

*Leroy W. McEntee,* for defendants.

Before: QUINN, P. J., and McGREGOR and
O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Highways, Streets, and Bridges § 86 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. Plaintiff appeals the June 28, 1974, judgment of the Oakland Circuit Court dismissing his complaint and entering a judgment of no cause of action with prejudice.

The action was commenced in an effort to prevent the defendants from paving a street, located in Oakland County, on which plaintiff owned property. On July 8, 1974, a panel of this Court stayed the judgment of the lower court and restrained defendants from paving the street pending disposition of this appeal. Plaintiff timely perfected a claim of appeal.

The involved statute in pertinent part provides:

"Whenever the owners of more than 51% of the lineal frontage of lands outside of the corporate limits of any city or village fronting or touching upon any public highway or portion thereof, desire a pavement or sidewalks built thereon, they may file an application for such improvement with the county road commissioners * * * No application for the paving of any highway, or portion thereof, shall be considered unless at least 75% of the lands fronting thereon have been subdivided into parcels having a frontage of not more than 300 feet each on such highway or there shall be an average of at least 1 building, including buildings under construction, located along the portion of such highway proposed to be paved for every 300 lineal feet thereof * * * ." MCLA 41.271; MSA 9.571.

The principal decisional difficulty in this case is that both counsel and the trial judge seem to have had great difficulty in understanding each other.

It is not hard to discern the trial judge's position, at least as we perceive it. He kept explaining that equity had no jurisdiction to restrain paving a road as such. The limit of his jurisdiction, he kept reiterating, was to grant or deny injunctive relief

against the levying of a special assessment. This, he insisted, was a matter of whether the prerequisites of the special assessment statute had been fulfilled. This again, he pointed out, was really a matter of statutory construction.

A stipulation is part of the record. It is, in part, a stipulation of fact and, in part, an "if and therefore" stipulation of the issues presented, which really called for the construction of the involved statute.

The part of the stipulation to which reference is herein made is set forth:

"7. That, if, as a matter of law, the statute requires an average of one (1) building for every three-hundred (300) feet of highway (Orinoco Circle), then, as a matter of fact, only nine (9) buildings would be required to meet the statutory mandate.

"8. That, if, as a matter of law, the statute requires and [sic] average of one (1) building for every three-hundred (300) lineal feet of frontage of lots fronting or touching the highway (Orinoco Circle), then, as a matter of fact, seventeen (17) buildings would be required to meet the statutory mandate."

Despite the somewhat confusing state of the record, and some statements of law with which we do not agree, we think the above excerpt from the stipulation provides the basis for us upon which to decide the question of statutory construction.

According to the stipulated facts, there is a building located on each of the twenty lots. Six of the lots are corner lots and the present mailing address of four of those lots is not on Orinoco Circle. The parties agree that if, as a matter of law, the statute requires an average of one building for every 300 feet of highway, then, as a matter of fact, only nine buildings would be required to meet the statutory mandate. If, as a

matter of law, the statute requires an average of one building for every 300 lineal feet of frontage of lots fronting or touching the highway, then, as a matter of fact, seventeen buildings would be required to meet the statutory mandate.

We believe the position of the defendants represents the clear and unambiguous intent of the statute and requires no additional judicial construction. Under this construction only nine buildings are required to meet the statutory requirement. Both by stipulation and uncontroverted fact the statutory minimum was met. We find no statutory infirmity in this case under the pleadings and the record as made.

Consequently, for the reasons we have herein set forth, the trial judge is affirmed. No costs, construction of a statute being involved.

All concurred.